564 A.2d 1277

**COMMONWEALTH of Pennsylvania**

v.

**William J. BRUNER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 3, 1989.

Filed Oct. 6, 1989.

86

88

Michelle A. Fox, Harrisburg, for appellant.

Julia A. Merl, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before WIEAND, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

This appeal is from the judgment of sentence of the Court of Common Pleas of Dauphin County. We affirm.

In October, 1986, appellant was arrested and charged with two counts of unlawful possession of a controlled substance with intent to deliver,[1] and one count of possession of drug paraphernalia.[2] A jury found appellant guilty of all charges. His post-trial motions were denied and he was sentenced, on the convictions of possession of controlled substances with intent to deliver, to concurrent terms of not less than five (5) nor more than ten (10) years and a total fine of two hundred dollars ($200.00) (one hundred dollars on each count). On the charge of possession of drug paraphernalia, appellant was sentenced to a term of imprisonment of not less than six (6) months nor

1. 35 P.S. § 780–113(a)(30). The two substances which appellant was charged with possessing were heroin and marijuana.

2. *Id.* § 780–113(a)(32).

more than twelve (12) months, to run concurrently to his sentence on the other charges, and a find of one hundred dollars ($100.00).

Appellant's motion for modification of sentence was denied, and he filed the instant timely appeal.

The facts of the case as adduced by the lower court are as follows:

On October 10, 1986, officers from the Harrisburg Police Department arrested defendant on an assault complaint. The complainant was Angelo M. Pennella, a contractor who had been working at a property located at 2259 North Sixth Street in Harrisburg when the building was owned by the defendant. The arrest took place at that location.

The assault victim notified the police that he had observed marijuana and cocaine in the first floor rear apartment of defendant's building and further information was received from an unidentified informant stating defendant was involved in drug sales. Accordingly two officers, Teel and Goshert, sought a search warrant for defendant's building. After the arrest in [sic] the assault charge, but prior to the execution of the search warrant, an individual, known to the police as a drug dealer, came to City Hall and attempted to retrieve defendant's keys to the apartment. Faced with this situation, two officers and a canine dog were dispatched to secure the premises pending the arrival of the search warrant. The search of the apartment occurred after the search warrant arrived. Fourteen plastic bags containing a total of 81 grams of marijuana and in addition white powder analyzed as 4.47 grams of heroin were found. A triple beam scale for gram measurement was found in the living room behind the couch, together with numerous baggies. Numerous bills and items of correspondence were recovered containing the name of the defendant and the address of 2259 North Sixth Street, Harrisburg.

After the arrest, the defendant was questioned and he denied living in the first floor rear apartment, claiming a

person by the name of Jack Jones lived there. Brunner [sic] asserted he resided on the second floor in the rear bedroom. Brunner [sic] had, at that point, not been told that a search of the second floor bedroom had yielded bags of marijuana and cocaine and that an examination of that room indicated occupancy by a Terry Wells, a half brother of William Brunner [sic].

Appellant contends on appeal that (1) the suppression court erred in denying his *Hall* motion and motion to suppress and abused its discretion by refusing to order the appearance of a witness for the defense;[3] (2) the evidence was insufficient to support the convictions; (3) the trial court erred in admitting certain physical evidence without establishing an unbroken chain of custody; (4) the trial court erred in denying appellant's motions for mistrial; (5) trial counsel was ineffective; and (6) the sentencing court abused its discretion. We will address these claims *seriatim*.

Appellant's first contention is that the lower court erred in denying his motion to suppress the October 10, 1986 search of his residence. Specifically, appellant claims that prior to the search of his residence pursuant to warrant, two police officers and a police dog entered his building, including the first floor apartment, and searched it. This entry, appellant contends, was illegal, and thus, the evidence obtained pursuant to warrant a few hours later was inadmissible and should have been suppressed.

In reviewing a suppression court's denial of a motion to suppress, the appellate court's responsibility is to determine whether the record supports the factual findings of the suppression court and the legitimacy of the inferences and legal conclusions drawn from those findings. *Commonwealth v. Hughes*, 521 Pa. 423, 437, 555 A.2d 1264, 1271 (1989). In making this determination, the reviewing court "will consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as,

3. *See* discussion of *Commonwealth v. Hall,* 451 Pa. 201, 302 A.2d 342 (1973).

fairly read in the context of the record as a whole, remains uncontradicted." *Id.*, 521 Pa. at 438, 555 A.2d at 1271–72, quoting *Commonwealth v. Kichline*, 468 Pa. 265, 280–81, 361 A.2d 282, 290 (1976).

Evidence adduced at the suppression hearing revealed that three police officers arrived at appellant's residence on October 10, 1986 at approximately 4:30 p.m. The purpose of the officers' presence there was to secure the premises until the executed search warrant could be obtained. The officers admitted themselves to the apartment, and two of them waited in the kitchen while the third officer walked through the apartment to determine if any other persons were present therein. Testimony was offered that the officers did not search the premises until the executed search warrant arrived at 5:05 p.m. Nor did any seizure take place during this time, and nothing was observed in plain view, according to the testimony, which later became evidence in the case. There was also testimony that nothing occurred during the time the officers were present on the premises prior to receiving the warrant which altered any of the warrant's language.

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures." U.S. Const. amend. IV; Pa. Const. art. 1, § 8. Warrantless searches are, "subject only to a few specifically established and well-delineated exceptions," per se unreasonable and are therefore prohibited by the Fourth Amendment. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). However, the Fourth Amendment does not require suppression of evidence seized from a private residence pursuant to a valid search warrant, notwithstanding an earlier illegal entry by police, where the warrant was issued on information obtained by the police before the entry into the residence. *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984). Where the warrant and the information on which it was based were unrelated to the

illegal entry, they constitute an independent source for the evidence, and thus the evidence does not require suppression. *Id.*

■ These are exactly the circumstances present in the instant case. The search warrant in this case was based on information received independently from and prior to the entry of police on the premises without a warrant. The warrantless entry of the police did not result in a search, seizure, or observation of evidence, or in any change in the already executed warrant. Thus, the warrantless entry did not invalidate the subsequent search pursuant to warrant and the lower court did not err in denying the motion to suppress on this basis.

Nevertheless, appellant contends that the evidence should have been suppressed because the warrant was lacking in sufficient probable cause. The affidavit of probable cause in the instant case contained information provided by (1) a named informant; (2) a confidential source; and (3) three anonymous citizens' complaints. Appellant argues that the named informant's remarks must be viewed with suspicion and that the information from the confidential and anonymous informants lacked sufficient reliability.

■ "Before an issuing authority may issue a constitutionally valid search warrant he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search." *Commonwealth v. Jones*, 506 Pa. 262, 269, 484 A.2d 1383, 1387 (1984). Probable cause to support issuance of a search warrant is present where facts and circumstances within the affiant's knowledge, of which he has reasonable trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in belief that a search should be conducted. *Commonwealth v. Bonasorte*, 337 Pa.Super. 332, 486 A.2d 1361 (1984). The information offered to demonstrate probable cause to search "must be viewed in a common sense, nontechnical, ungrudging and positive manner." *Commonwealth v. Jones, supra.* It is based on a

finding of probability, not a prima facie showing of criminal activity. *Id.*

■ The named informant in this case was the victim of the assault with which appellant had been originally charged. The victim, who had been working as a contractor at the building in which appellant resided, advised the police that he had observed marijuana and cocaine in the first floor apartment of the building, the apartment which was subsequently searched by police. We have held that identified citizens who report their observations of criminal activity to police are assumed to be trustworthy, in the absence of special circumstances. *Commonwealth v. Sudler*, 496 Pa. 295, 436 A.2d 1376 (1981); *Commonwealth v. Frazier*, 269 Pa.Super. 527, 410 A.2d 826 (1979). Appellant has cited no special circumstances which would cast doubt on the inherent trustworthiness of this informant. Thus, the affidavit was supported by probable cause on the basis of his information alone.

In addition, the reliability of the confidential informant was established by the recitation that he [the informant] had been in the residence and had purchased cocaine from the defendant within seven days of the date of the warrant, and that the informant had given prior reliable information which had led to the arrest of persons and discovery of evidence. *See Commonwealth v. Stamps*, 493 Pa. 530, 427 A.2d 141 (1981) (drug search warrant based on information ten days old valid); *Commonwealth v. Albert*, 264 Pa.Super. 390, 399 A.2d 1106 (1979) (court did not err in finding informant reliable in view of affiant's statement that previous information from informant had led to two arrests and seizure of dangerous drugs). The three anonymous citizens' complaints tended to bolster the credibility of the information provided by the other two informants. *See Commonwealth v. Mamon*, 449 Pa. 249, 259, 297 A.2d 471, 477 (1972) ("[w]hen two *independent* informants both supply the same information about a particular crime to the police, each source tends inherently to bolster the reliability

of the other"). Thus, the lower court did not err in finding sufficient probable cause to support the search warrant.

■ Appellant next contends that the suppression court erred in denying his *"Hall"* motion attacking the validity of the search warrant in the instant case. In *Commonwealth v. Hall*, 451 Pa. 201, 302 A.2d 342 (1973), it was held that the veracity of facts recited in an affidavit can be attacked at a suppression hearing. Appellant argues that he should have been permitted to ascertain the veracity of the confidential informant's statements that he had been inside appellant's building and had bought cocaine from appellant within seven days prior to the date of the warrant.

■ Despite the holding of the court in *Hall*, a defendant does not have a right to a hearing to attempt to establish that an affidavit for a search warrant contains a false statement, even in a material part, where the affidavit on its face is sufficient to support a finding of probable cause and no showing of a material misrepresentation in the affidavit is made by the defendant. *Commonwealth v. Miller*, 513 Pa. 118, 518 A.2d 1187 (1986). *See also Commonwealth v. Bonasorte*, 337 Pa.Super. 332, 486 A.2d 1361 (1984) (defendant seeking production of a confidential informant must demonstrate some good faith basis in fact to believe that a police officer-affiant willfully has included misstatements of fact in an affidavit of probable cause). Furthermore, a defendant may not insist upon disclosure of the informant's identity when such disclosure would jeopardize the informant's safety. *Commonwealth v. Miller, supra* 513 Pa. at 133, 518 A.2d at 1195. Nor may the defendant insist upon disclosure of information that would directly lead to ascertainment of the informant's identity. *Id.* Thus, the reliability of the information provided by an informant in an affidavit for search warrant must be determined from facts supplied by the police official swearing to the affidavit. *Id.*, 513 Pa. at 134, 518 A.2d at 1195. A *Hall* motion, to be successful, must also demonstrate that without the informant's information there would not have been

probable cause. *Commonwealth v. Bonasorte, supra* 337 Pa.Super. at 355, 486 A.2d at 1374.

Taking into account these post-*Hall* interpretations, we find no error in the lower court's denial of appellant's *Hall* motion. Although appellant has stated that he is not seeking the identity of the confidential informant, it is difficult to determine how he would obtain the information he seeks without production of that informant. Appellant has not demonstrated the required good faith basis for his belief that the police officer-affiant in this case willfully included misstatements of fact. Finally, in the instant case, there was also a named informant in addition to the confidential one. We have already held that the information supplied by the named informant provided sufficient probable cause for issuance of the affidavit in this case. Therefore, probable cause existed even without the information of the confidential informant. Here, the lower court correctly denied appellant's *Hall* motion. Appellant's next contention on appeal is that the suppression court abused its discretion by failing to order the appearance of a certain witness for the defense. Specifically, appellant argues that the lower court erred in closing the testimony after learning that the subpoena for the witness in question had not been served, despite several attempts by the sheriff's department to do so.

The grant or denial of a motion to secure witnesses is a matter within the sound discretion of the lower court. *Commonwealth v. Stanton*, 294 Pa.Super. 516, 440 A.2d 585 (1982). To be entitled to compulsory process for obtaining witnesses, a defendant must establish that the person to be produced has relevant or material testimony of the issues in question. *Commonwealth v. Coffey*, 230 Pa.Super. 49, 331 A.2d 829 (1974). The constitutional right to compulsory process for the purpose of securing witnesses, while fundamental, is not absolute. *Commonwealth v. Jackson*, 457 Pa. 237, 324 A.2d 350 (1974). "Evidentiary rules based on legitimate state interests which exclude certain witnesses or certain testimony are not inconsistent

nor incompatible with the right to compulsory process." *Id.*, 457 Pa. at 243, 324 A.2d at 355. Whether to exclude repetitive testimony is a matter within the discretion of the trial court. *Commonwealth v. Sanders*, 339 Pa.Super. 373, 489 A.2d 207 (1985).

In the instant case, the lower court initially ordered, after indications by defense counsel that a subpoena had been served, that the witness in question be brought into court for the purpose of testifying at the suppression hearing. Later, during the course of the hearing, it was reported that the subpoena had not in fact been served, although several attempts had been made. At this point, the court refused to order further attempts to secure this witness. We have reviewed the record of the suppression hearing. The testimony which the witness allegedly would have offered would simply have corroborated that of the other defense witnesses, a fact which was noted by the lower court. As the testimony would have been simply cumulative, we find no abuse of discretion by the lower court in denying appellant's request to take further action to compel this witness' presence.

Appellant's next challenge on appeal is to the sufficiency of the evidence. Specifically, appellant contends that there was insufficient evidence to establish (1) his constructive possession of the contents of the first-floor apartment; (2) his constructive possession of the heroin seized therein; and (3) that he possessed the requisite intent to deliver the seized contraband. In evaluating a claim of sufficiency of the evidence to sustain a conviction, the evidence must be viewed in the light most favorable to the Commonwealth as verdict winner, and drawing all proper inferences favorable to the Commonwealth, it must be determined whether the jury could reasonably have found all of the elements of the crime to have been established beyond a reasonable doubt. *Commonwealth v. Edwards*, 521 Pa. 134, 555 A.2d 818 (1989).

Appellant was convicted of violations of sections 780–113(a)(30) and (a)(32) of the Controlled Substance, Drug,

Device and Cosmetic Act, 35 P.S. § 780–101 et seq. which provide in pertinent part:

§ 780–113. Prohibited acts; penalties

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act ...

(32) The use of, or possession with intent to use, drug paraphernalia....

*Id.*

 When drugs are not found on the defendant's person, the Commonwealth is required to prove constructive possession. *Commonwealth v. Samuels*, 235 Pa.Super. 192, 204–05, 340 A.2d 880, 886 (1975). Two elements are essential to a finding of constructive possession: the power to control and the intent to exercise control. *Id.* The inference of possession will be maintained if the drugs are found in a place normally accessible only to a resident of the home. *Id.* Exclusive control over the contents of a residence may be inferred from a showing that the defendant is the only occupant or tenant of that residence. *Commonwealth v. Stamps*, 493 Pa. 530, 427 A.2d 141 (1981).

 We agree with the lower court that the evidence established appellant's constructive possession of the contents of the first floor apartment. As the lower court pointed out, the search of that apartment yielded two postal customer receipts containing appellant's name, various envelopes addressed to appellant at that address, a traffic citation made out to appellant, and a civil complaint listing appellant as plaintiff at the address at which the evidence was recovered. In addition, testimony was offered by the victim of the assault that appellant lived at the residence in issue and that he (the victim) had met with appellant there on several occasions. This evidence was sufficient to estab-

lish appellant's constructive possession under section 780–113.

■■■ Appellant's argument that the evidence is insufficient to establish his constructive possession of heroin is based on testimony elicited at trial that the initial field test of the substance indicated the presence of cocaine. A subsequent laboratory analysis revealed the substance to be heroin. Appellant contends that a break in the chain of custody occurred which caused a mixing of the evidence seized in the first floor apartment with that seized upstairs in a second floor apartment occupied by another individual.

Appellant's argument is without merit. The standard for establishing a chain of custody for admission of physical evidence was stated by the court in *Commonwealth v. Hudson,* 489 Pa. 620, 414 A.2d 1381 (1980):

> The admission of demonstrative evidence is a matter committed to the discretion of the court ... Furthermore, there is no requirement that the Commonwealth establish the sanctity of its exhibits beyond a moral certainty ... Every hypothetical possibility of tampering need not be eliminated; it is sufficient that the evidence, direct or circumstantial, establishes a *reasonable inference* that the identity and condition of the exhibit remained unimpaired until it was surrendered to the trial court ... Finally, physical evidence may be properly admitted despite gaps in testimony regarding its custody....

*Id.,* 489 Pa. at 631–32, 414 A.2d at 1387 (citations omitted).

The evidence adduced at trial showed that a police narcotics officer found and seized from appellant's first floor apartment a plastic transparent bag containing a white powder substance. The officer indicated that he field tested the substance which gave a positive reaction for cocaine. He then put the substance inside an envelope, addressed the outside, stapled it, and gave it to the evidence officer. The narcotics officer identified the envelope at trial as Commonwealth Exhibit 2. A chemist testified that he had analyzed

the powder in the envelope and found it to contain 4.47 grams of heroin.

The evidence officer testified that he received the evidence in connection with this case on October 15, 1986, and took it to the state police laboratory. Before doing so, he sealed the evidence with evidence tape. He identified Commonwealth Exhibit 2, as one of the items of evidence he had sealed. The officer indicated that he retrieved the evidence from the state police lab in December, 1986 and stored it in a safe in the evidence room. The evidence then was picked up by another officer for court.

Testimony was offered at trial by another officer with regard to Exhibit 2. This officer indicated that he had opened the envelope in March, 1987 because he was attempting to account for certain money that had been seized involving appellant and a co-defendant. Finding no money in the envelope, the officer resealed, initialed, and dated it. He testified that the envelope was untampered with and intact when he opened it in March, 1987 and that another officer or a deputy district attorney would have also been present.

The officer who picked up the evidence for trial testified that at the time he did so, all of the seals were intact and the evidence untampered with. He indicated that he delivered it to the county detective's office. The chemist who analyzed the white substance identified Commonwealth Exhibit 2 at trial as the substance which he had analyzed and found to contain 4.47 grams of heroin.

Based on this testimony, we find the chain of custody to be more than adequately established. There was absolutely no testimony that would suggest, as appellant has alleged, that there was a "mix-up" in the evidence such that Commonwealth Exhibit 2 was actually not evidence obtained in the first floor apartment. The evidence therefore sufficiently established appellant's constructive possession of the heroin.

■■■ Appellant's contention that the evidence was insufficient to establish the intent to deliver element of the crimes is also without merit. The lower court determined that the evidence was sufficient, citing the testimony of a police officer and the chemist as to the amounts of the illegal substances which were seized as well as the opinion of two detectives that the substances were possessed with intent to deliver. The lower court also noted testimony that some of the paraphernalia which was found was consistent with packaging and distribution.

We have reviewed the record and find the lower court's analysis correct. The presence of drug paraphernalia such as empty glassine baggies and scales has been held to establish the additional element of intent to deliver in connection with a charge of possession of a controlled substance. *Commonwealth v. Keefer*, 338 Pa.Super. 184, 487 A.2d 915 (1985). Since such evidence was present in this case, in addition to the opinions of the two detectives, we conclude that the evidence in the instant case was sufficient to establish the element of intent to deliver.

Appellant's next contention is that the lower court erred in admitting the marijuana and heroin into evidence at trial because there was insufficient evidence of an unbroken chain of custody. We have already discussed the chain of custody with regard to Commonwealth Exhibit 2, identified at trial as heroin. The chain of custody with regard to Commonwealth Exhibits 1, 3–B, and 3–C, identified at trial as containing marijuana, was identical. Under the standards we have set forth above for the admission of demonstrative evidence, no error was made by the trial court in admitting this evidence.

■■■ Appellant argues that the trial court erred in denying his motion for a mistrial. The following exchange, which occurred during defense counsel's cross-examination of a Commonwealth witness prompted the appellant's request:

BY DEFENSE COUNSEL:

Q. As of 10/10 you or any of your fellow officers as far as you know never conducted any controlled buys at 2259 North Sixth Street or any controlled buys as relates to my client, am I correct?

A. I never did a controlled buy in relationship to 2259 North Sixth Street.

Q. Or William Bruner?

A. Or William Bruner.

. . . . .

Q. You have not conducted yourself any controlled buys as long as you've been a vice officer dealing with drugs when it comes to my client, William Bruner, have you?

THE COMMONWEALTH: Now, your Honor, I have to object and ask the relevance. If we want to get into the past activities of William Bruner that—

DEFENSE COUNSEL: Your Honor, may we have a sidebar conference?

THE COURT: Let's just see.

THE COMMONWEALTH: It's not relevant.

BY THE COURT:

Q. Did you ever have any controlled buys or ever supervise any controlled buys with William Bruner?

A. Not on 10/10. I've tried in the past to get informants to do controlled buys from that place.

THE COURT: Okay, let it go at that. I don't see where it's relevant to the case. The question is whether or not these drugs were seized and whether or not they can be attributed to the defendant. That seems to me to be the issue here.

. . . . .

BY DEFENSE COUNSEL:

Q. You, yourself, have never purchased any drugs from William Bruner, have you?

A. That's correct.

Appellant asserts as the basis for his request for a mistrial the comment of the prosecutor that "If we want to get into the past activities of William Bruner that—," as

well as the witness' response, "Not on 10/10. I've tried in the past to get informants to do controlled buys from that place."

The decision of whether to declare a mistrial of a criminal prosecution is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Commonwealth v. Larkins,* 340 Pa. Super. 56, 489 A.2d 837 (1985). The decision depends on whether or not improper evidence was admitted at trial that would so prejudice the fact finder that it would be unable to remain impartial, thereby prejudicing the accused beyond a reasonable doubt. *Id.* The admission of testimony from which a jury could infer past criminal conduct has been held to be reversible error. *Commonwealth v. Phillips,* 373 Pa.Super. 193, 540 A.2d 933 (1988). Reversal is not warranted, however, unless the record indicates that prejudice resulted from the testimony. *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972). Mere "passing references" to criminal activity do not necessitate the granting of a mistrial unless prejudice results from the reference. *Commonwealth v. Thomas,* 361 Pa.Super. 1, 521 A.2d 442, *appeal denied* 516 Pa. 617, 531 A.2d 1119 (1987).

Our review of the objected-to testimony reveals no error of such magnitude as to necessitate the granting of a mistrial. Both of the testimonial excerpts to which appellant has objected constitute no more than brief, passing references to possible prior criminal activity. No specific acts were set forth from which the jury could have inferred the fact of prior criminal activity. In addition, the court halted any further inquiry into the subject after the witness' response to his question, and provided a cautionary comment to the effect that the witness' answer was not relevant to the issues in this case. Given these factors and the passing nature of both of the comments, we find no prejudice to appellant by these statements. Thus, the lower court did not err in denying appellant's motions for mistrial.

Appellant also raises several instances of ineffectiveness of prior counsel: (1) failure to file a written *Hall* motion;

(2) failure to adequately raise and preserve the reliability of the confidential informant; (3) failure to present certain alleged exculpatory evidence; (4) failure to ensure the presence of a certain witness at the suppression hearing; (5) failure to adequately cross-examine Commonwealth witnesses; (6) failure to raise the issue of sufficiency of the evidence in post-trial motions; (7) advising appellant not to testify; and (8) opening the door to comment from the prosecutor referring to possible prior criminal activity.

A successful claim of counsel's ineffectiveness must address three inquiries: (1) whether the underlying claim is of arguable merit; (2) whether counsel had any reasonable basis for his chosen course of conduct; and (3) whether the course of conduct worked to the client's prejudice, i.e., had an adverse effect on the outcome of the proceedings. *Commonwealth v. Davis*, 518 Pa. 77, 541 A.2d 315 (1988). The law presumes that counsel is effective and the burden of establishing ineffective assistance is on the appellant. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989).

We have previously addressed appellant's *Hall* motion and found it without merit. The filing of a written motion would not change this result. Therefore, appellant's first claim of ineffectiveness is without merit.

Appellant's second and sixth allegations of ineffectiveness, concerning the failure to raise and preserve certain issues, are also without merit because those issues were in fact preserved and are addressed in this memorandum.

The third allegation of counsel's ineffectiveness is that prior counsel failed to present evidence that he was out of town during the time when the alleged purchase of cocaine from him by the confidential informant took place. Appellant alleges that this evidence would have made the probable cause affidavit "more questionable than it was already."

We reject appellant's contention. The probable cause affidavit was supported by the allegations of not only the confidential informant, but also the named informant, the assault victim who had been present in appellant's apartment. Thus, even assuming arguendo the truthfulness of appellant's allegations, there was still sufficient probable cause to support the search of the premises. Appellant has failed to show the required prejudice to support a claim of ineffectiveness.

Appellant has also failed to show prejudice with regard to his allegation that counsel failed to ensure the presence of a certain witness at the suppression hearing. We have already indicated in our discussion of this issue that the testimony which the witness was apparently going to offer was merely cumulative. Thus, appellant was not prejudiced by the absence of this particular witness. Further, the record indicates that the possibility of a continuance was rejected by the suppression court, and that counsel did in fact attempt to keep open the hearing so as to secure the witness' testimony. Since the sheriff's office was not able to effect service on the witness, it is apparent that counsel did all that he reasonably could have to secure this witness' presence.

Appellant contends that trial counsel failed to cross-examine one of the Commonwealth witnesses, a police officer, concerning his knowledge of the reputation of one James Guthrie as a drug dealer. Mr. Guthrie had contacted the police department on October 10, 1986 in order to determine if he could obtain the keys to appellant's apartment building. As a result of this phone call, police officers were sent to appellant's residence to secure it until the executed search warrant could be obtained. Appellant contends that trial counsel should have confronted the police officer-witness with questions concerning Mr. Guthrie's reputation as a drug dealer.

We find no merit to this contention. Mr. Guthrie's reputation had no relevance to the facts of this case. Even if it were established that he was a drug dealer, that would not negate the fact of his call to the police department or the felt necessity of the police to secure the premises prior to the warrant's completion. Thus, counsel was not ineffective in failing to question the witness on this point.

■ Appellant also contends that trial counsel failed to adequately cross-examine one of the Commonwealth witnesses, Sergeant Goshert, as to the details of the first police entry onto the premises. We have reviewed Sergeant Goshert's testimony and find no merit to appellant's assertion. Counsel thoroughly questioned the witness about the first entry of police onto the premises on the date in question as well as other matters. The fact that the witness did not supply the answers which appellant asserts were supplied by the defense witnesses does not support a claim of ineffectiveness of counsel.

■ Appellant asserts that prior counsel was ineffective for advising him not to testify because of his prior criminal record. Appellant argues that his prior criminal record consisted of one motor vehicle code conviction and a conviction of three counts of unlawful delivery of a controlled substance, none of which are crimes of *crimen falsi*, and therefore could not be introduced at trial. While appellant's contention has arguable merit, the contention must fail for two reasons. First, appellant has not alleged specifically what testimony he would have offered. Thus, his claim must fail for lack of specificity. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). Second, appellant has not shown how he was prejudiced by the lack of his own testimony. The evidence in the instant case consisted in large part of physical evidence found in the first floor apartment of a building owned by appellant. Much of this evidence, as well as certain testimonial evidence, established appellant as the resident of the premises. It is difficult to

see how any denial on appellant's part could succeed in light of the physical evidence which was uncovered. As we have already indicated, appellant has not provided this information to the court. Therefore, we find this claim of ineffectiveness without merit.

Appellant's last claim of ineffectiveness is that he "opened the door" to the comment by the prosecutor about possible prior criminal activity. We have already addressed this issue and found the prosecutor's remark a mere passing reference insufficient to cause prejudice to appellant. In the absence of prejudice, a claim of ineffectiveness of counsel may not succeed. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). Appellant's final contention on appeal is that the lower court abused its discretion in sentencing him to concurrent terms of five (5) to ten (10) years on each charge of possession with intent to deliver. Appellant asserts that the court did not place the proper weight on certain mitigating factors.

Sentencing is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Commonwealth v. Dykes*, 373 Pa.Super. 258, 541 A.2d 1 (1988), *alloc. denied* 520 Pa. 602, 553 A.2d 965 (1988). Where the sentencing judge has the benefit of a pre-sentence report, it shall be presumed that "the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101–02, 546 A.2d 12, 18 (1988). The record in the instant case reveals that the sentencing judge was informed by a pre-sentence investigation. The presumption will therefore stand. The sentencing judge also disclosed on the record his reasons for sentencing as he did. We find no abuse of discretion on the part of the lower court.

Judgment of sentence affirmed.