574 A.2d 610

**COMMONWEALTH of Pennsylvania**

v.

**Robert Edward McLAUGHLIN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 23, 1990.

Filed March 29, 1990.

Reargument Denied June 7, 1990.

278

James J. McHugh and Christopher McCabe, Philadelphia, for appellant.

Robert F. Hawk, Asst. Dist. Atty., Butler, for Com.

Before CAVANAUGH, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Appellant Robert Edward McLaughlin appeals from judgment of sentence entered March 6, 1989. The facts which gave rise to this case may be summarized as follows.

On June 19, 1988, at approximately 12:00 noon, appellant arrived at the Millvale Sportsman's Club intending to do some skeet shooting. While waiting to shoot, appellant went to the bar where he proceeded to drink numerous glasses of beer and shots of whiskey. At about 3:00, appellant left the club without shooting skeet. Owing to his drunken condition, appellant remembers only bits and pieces of what transpired next.

A short time later, appellant entered another tavern, the Plane View Inn, where he drank two more shots of whiskey and two more beers. He then went out to his truck and returned to the bar with his shotgun, which he fired repeatedly, killing one person and injuring three others. The next morning, after somehow leaving the bar and driving home unharmed, appellant awoke to read of the shootings at the Plane View Inn, triggering in him a recollection that he was somehow involved. Appellant first visited his parish priest and then turned himself in to the police. He subsequently entered into a negotiated plea bargain without a recommended sentence, pleading guilty to third degree murder,[1] three counts of aggravated assault,[2] recklessly endan-

1. 18 Pa.C.S. § 2502(c).
2. 18 Pa.C.S. § 2702(a)(1).

gering another person[3] and criminal mischief.[4] He was sentenced to a term of ten to twenty years on the murder charge, three terms of five to ten years for aggravated assault, one to two years for reckless endangerment and six months to one year for criminal mischief, with the first three counts running consecutive to each other and the other three counts running concurrently with the first three. Additionally, restitution was ordered in the following amounts: $339.88 to Kenneth Snyder, $400 to Kim Coates, $1,000 to Chester and Emma Michalski and indeterminate amounts to Michael Connolly and Jo Dene Wyatt.

On appeal, appellant advances ten arguments concerning his sentencing, which may be grouped into three major claims: 1) the impropriety of an off-the-record, in-chambers conference conducted by the court just prior to the sentencing hearing but outside the presence of appellant; 2) the ineffectiveness of appellant's counsel in failing to object to statements in the presentence investigation made by persons other than the victims of the crimes and considered by the court; and 3) the illegality and manifest excessiveness of the sentence imposed.

Immediately prior to appellant's sentencing hearing, the court held an in-chambers conference with appellant's trial counsel, H. David Rothman, and the assistant district attorney, but without appellant. Appellant claims this conference violated his confrontation and due process rights, as well as his right to be present pursuant to Pa.R.Crim.P. 1117, **Presence of the Defendant.** As no transcript was made of this meeting, appellant submitted a statement in lieu thereof, pursuant to Pa.R.A.P. 1923, **Statement in Absence of Transcript.** In response, the trial court submitted an Order setting forth its recollection of the conference. The Order provides, in pertinent part:

[A] brief meeting in the Court's Chambers prior to sentencing, the Court, Defense Counsel and Assistant District Attorney briefly discussed certain mandatory provi-

3. 18 Pa.C.S. § 2705.
4. 18 Pa.C.S. § 3304.

sions that would be necessary to take a count [sic] of in regard to the sentencing of [appellant].

Further, the Court indicated that the Court was thinking in terms of a minimum of twenty (20) years and a maximum of forty (40) years, but had not made any statement to the effect that he had to give [appellant] that sentence. On the contrary, the Court did not make its mind up in regard to the minimum and maximum finally until after the open Court sentencing procedure.

(Order by Brydon, J., 9/5/89.)

 Initially, we must note the inapplicability of Pa.R. A.P. 1923 to the instant case. The Rule provides that "[i]f no report of the evidence or proceedings at a *hearing* or *trial* was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection." (Emphasis added.) We do not believe the informal conference had the import of a trial proceeding which appellant would give it and which would make Pa.R.A.P. 1923 applicable. Nevertheless, appellant's statement of his trial counsel's recollection of the matters discussed, as well as the trial court's account, are now part of the record and will be considered on appeal.[5]

 This Court recognizes the well-established principle "that the time of sentencing is a 'critical stage' in criminal proceedings, and it is constitutionally required that both the defendant and his counsel be present. See *Commonwealth ex rel. Mullins v. Maroney*, 428 Pa. 195, 236 A.2d 781 (1968)." *Commonwealth v. Morales*, 444 Pa. 388, 393, 282 A.2d 391, 392 (1971). While such a conference conceivably could be a part of the formal sentencing proceeding, and thus a "critical stage" requiring appellant's presence, we are not persuaded by our examination of the record that the in-chambers conference was part of the

---

5. The Commonwealth filed a statement in absence of transcript, in which it declined to describe the events which took place at the in-chambers conference due to its belief Rule 1923 is inapplicable to this case.

sentencing *proceedings* in the case sub judice, and we decline now to make the determination that every conference and every conversation occurring between the sentencing court and opposing counsel prior to a formal sentencing hearing is part and parcel of "time of sentencing."

It is true the appearance of fairness and reliability in a proceeding is closely related to assuring the actual fairness and reliability of the proceeding as a means of maintaining confidence in the courts as instruments of justice. Of paramount importance, however, is the actual fairness and reliability of the proceeding, free from all unnecessary stultification. In the instant case, the trial court merely indicated to counsel its initial thoughts regarding sentence and certain mandatory sentencing provisions, reserving its actual determination for the sentencing hearing. Brief, informal discussions of this nature are a mere courtesy to counsel, allowing them to craft the evidence presented at the sentencing hearing more carefully and narrowly and to establish the parameters within which they may focus their arguments in the interests of their clients and justice. There is simply no requirement that *all* discussions between the court and counsel, having any remote connection to prior and/or subsequent court proceedings, be held in open court in the presence of the defendant. Had the court, in conference, gone beyond establishing the charges and mandatory sentences as a matter of clarification for all concerned and applied the considerations which enter into a determination of sentence, all of which must be done in the presence of the defendant to assure that improper matters were not considered and defendant could have a voice in those considerations, then there would have been error. We find that not to be the case here.

For the reasons enunciated above, our holding on this issue does not contradict the statement that "everything which occurs in respect to the sentencing proceeding must be of record; *this means in open court.*" *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 398, 524 A.2d 933, 937 (1987) (emphasis in original). The discussion complained of by

appellant was not part of the sentencing proceeding, and we find this claim without merit.

Appellant argues meaningful appellate review of the above claim is impossible in the absence of a transcript or its equivalent for the in-chambers conference. Again, this issue turns on a determination of the nature of the conference. A defendant's right to appeal requires "a full transcript or other equivalent picture of the *trial proceedings.*" *Commonwealth v. Shields,* 477 Pa. 105, 108, 383 A.2d 844, 846 (1978) (emphasis added). *See also Commonwealth v. Burrows,* 379 Pa.Super. 548, 550 A.2d 787 (1988) (application of Pa.R.A.P. 1923, where *trial transcript* unavailable). In view of our determination, *supra,* the conference did not constitute a sentencing proceeding, trial proceeding, or any part thereof, an analysis of the statements filed in absence of transcript pursuant to Pa.R.A.P. 1923 is not necessary. *See Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963) (allowing alternative methods of reporting *trial proceedings*).

Appellant next raises two ineffective assistance of counsel arguments.

> A successful claim of counsel's ineffectiveness must address three inquiries: (1) whether the underlying claim is of arguable merit; (2) whether counsel had any reasonable basis for his chosen course of conduct; and (3) whether the course of conduct worked to the client's prejudice, i.e., had an adverse effect on the outcome of the proceedings. *Commonwealth v. Davis,* 518 Pa. 77, 541 A.2d 315 (1988). The law presumes that counsel is effective and the burden of establishing ineffective assistance is on the appellant. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985).

*Commonwealth v. Bruner,* 388 Pa.Super. 82, 104, 564 A.2d 1277, 1287 (1989).

■ Appellant first argues his trial counsel was ineffective for failing to object to inflammatory, prejudicial and legally improper material contained in the presentence report. Specifically, appellant finds objectionable 13 victim

impact statements or personal letters submitted by persons who were nonvictims to appellant's crimes.[6]

The relevant portion of the Sentencing Code states:

### Contents of pre-sentence report

The pre-sentence report shall include a summary of the circumstances attending the commission of the crime, the history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation and personal habits of the defendant, *and any other matters that the person preparing the report deems* relevant or that the court directs be included.

42 Pa.C.S. § 9732 (emphasis added).

Following enactment of the Basic Bill of Rights for Victims, victims of crime were given the following rights:

(1) To have included in any pre-sentence report information concerning the effect that the crime committed by the defendant has had upon the victim; including any physical or psychological harm or financial loss suffered by the victim, to the extent such information is available from the victim or other sources.

71 P.S. § 180–9.3(1).

In view of these statutes, this Court will not conclude the inclusion in the presentence report of statements and personal letters from family members of one of the victims was improper. *See* footnote 6, *supra*. We are left only to consider the alleged inflammatory and prejudicial nature of the materials.

6. Appellant alleges these thirteen items comprised thirty pages, of a total of 38 pages, in that section of the presentence report dealing with the impact of appellant's crimes. However, our examination of the report indicates all of the victim's impact statements, not just the 13 to which appellant objects, comprise 18 pages of a report 52 total pages in length. The provision that "to the extent such information is available from the victim or *other sources*" (emphasis added) would permit family members to provide information. Absent a showing of abuse, we must find the sentencing court gave proper consideration to the presentence report as a whole.

Appellant makes much of the vitriolic and even hateful comments directed at him by the authors of the statements. There is no doubt these statements were available to, and read by, the sentencing court. The court stated:

I had pre-sentence reports to go over and I had many letters and feelings which the victims tried to describe to the Court how this affected their lives and what their feelings are and what they feel the Court should do. The Court does not in any way fault whatever feelings they have. These are the type of things that create very severe emotional turmoil in any one and for the families of all those people, especially the young boy that passed away. There's no way you can ever say we know how you feel. Only God and you know how you feel and for those of you that survived and have the handicaps you have, you'll carry that with you everyday.

(N.T., 3/3/89, pp. 22–23.)

What appellant does not allege, and our examination of the record does not evidence, is how the court considered an impermissible factor or gave undue weight to this aspect of the report.

Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

\* \* \* \* \* \*

Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers,* 519 Pa. 88, 98, 546 A.2d 12, 18 (1988).

Following *Devers,* we must accept the court's statement that it gave the materials contained in the presentence report only the weight to which they were entitled. Inflammatory statements, while having a prejudicial effect on lay people as jurors, are unlikely to have a significant effect on an experienced trial judge as here. Since no evidence has been submitted as to the unwarranted influence of those statements on the trial judge, and as discussed below, the sentence appears to be reasonable in relation to the seriousness of the charges, we will not infer a prejudicial effect.

■ Appellant's second ineffectiveness claim concerns the failure of trial counsel to inform appellant of the objectionable materials contained in the presentence report and the statements made by the sentencing court during the in-chambers conference. We also find this claim without merit.

While the presentence report was made available to appellant's counsel as required by Pa.R.Crim.P. 1404(a)(2), "[Rule] 1404 does not require that a defendant be permitted to examine personally the report for inaccuracies." *Commonwealth v. Smillie,* 316 Pa.Super. 83, 91, 462 A.2d 804, 808 (1983). We do not find this omission prejudiced appellant, thereby preventing him from fully exercising his right of allocution provided by Pa.R.Crim.P. 1405(a). Both appellant and his defense counsel delivered statements to the sentencing court, with appellant reiterating his extreme sorrow for all he had done and his lack of malicious intent or even actual knowledge of the events which transpired. Defense counsel then highlighted appellant's age (52), large family, lack of criminal record, alcohol problem and the "sense of balance and compassion" on the part of the district attorney in dismissing a count of attempted murder and not going forward with a first degree murder charge (N.T., 3/3/89, pp. 16–17; 19–21). The "objectionable" material was the "inflammatory statements" by victims and their families having to do with the consequences of appel-

lant's acts, and as such presented no matters capable of refutation or error correction by appellant. Not showing these statements to appellant was a decision which trial counsel could reasonably make without prejudice to appellant. Appellant and trial counsel properly focused, in the allocution phase, on their only possible response to this material, that is, his age, lack of prior criminal record and responsibility to his family. As to the in-chambers discussion, the extent to which counsel felt it necessary to discuss with appellant the parameters related by the trial court in approaching the sentence was within his discretion since these would be made evident in open court during sentencing, permitting response by trial counsel and appellant. Therefore, this claim of ineffectiveness is also without merit.

Appellant's remaining six claims deal with the legality of the sentence imposed. It is well established sentencing is a matter within the sound discretion of the trial court and will not be disturbed unless it is outside the statutory limits or manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Semuta,* 386 Pa.Super. 254, 562 A.2d 894 (1989). Neither situation exists here to warrant disturbance of a proper sentence.

█ Prior to sentencing, the Commonwealth filed notice of its intention to proceed under the provisions of 42 Pa.C.S. § 9712(b), Proof at sentencing, requiring mandatory minimum sentences of at least five years for the commission of third degree murder and aggravated assault while visibly possessing a firearm. Under 42 Pa.C.S. § 9712(c), Authority of court in sentencing, the court had no authority to impose any lesser sentence.

In determining the applicability of the mandatory minimum sentencing provisions, the court "shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable." 42 Pa.C.S. § 9712(b). Since appellant pleaded guilty to the

charges, no trial took place. The Supreme Court recently found the fact of a guilty plea to be of "vital significance."

> A guilty plea is an acknowledgement by a defendant that he participated in the commission of certain acts with a criminal intent; he acknowledges the existence of facts and intent; facts he acknowledges may or may not be within the powers of the Commonwealth to prove.

*Commonwealth v. Ryan*, 523 Pa. 547, 551, 568 A.2d 179, 181 (1990), quoting *Commonwealth v. Anthony*, 504 Pa. 551, 558, 475 A.2d 1303, 1307 (1984).

The plea of guilty admits the facts and intent. It is a confession not only of what the Commonwealth might prove, but also of what the defendant knows to have happened. *Id.* It is well established the defendant who pleads guilty is there to voluntarily acknowledge the facts presented by the Commonwealth and his responsibility for them, and will accept the legal meaning and legal consequence of what he has done. *Id.* The sentencing court had ample facts before it, therefore, to find the mandatory minimum sentencing provisions applicable, and appellant cannot seriously suggest otherwise. Indeed, the imposition of the mandatory minimums could be considered lenient in light of the seriousness of the charges and the much higher minimum sentences which could have legally been imposed.

■ Appellant next argues the court rendered an illegal sentence in imposing four mandatory minimum sentences for crimes arising out of a single criminal episode involving visible possession of a firearm. He claims the sentence violates the legislative intent behind the mandatory minimum sentencing provisions and the double jeopardy clause of the fifth amendment of the United States Constitution.

Appellant concedes multiple sentences for separate injuries to different individuals arising from a single criminal act are permissible. *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984); *Commonwealth v. Yates*, 386 Pa.Super. 282, 562 A.2d 908 (1989); *also see Commonwealth v. DeSumma*, 522 Pa. 36, 43, 559 A.2d 521, 523

(1989) ("[T]he number of offenses depends on the number of victims rather than on the number of acts committed by a defendant."). We find no distinction to be made in the instant case for multiple mandatory minimum sentences, irrespective of 42 Pa.C.S. § 9716, **Two or more mandatory minimum sentences applicable.** "Where two or more sections requiring mandatory minimum sentences are applicable, the court shall be bound by that section requiring the greater penalty." 42 Pa.C.S. § 9716. This is not a case in which two mandatory sentences apply to a single crime, but one in which there are several crimes (or victims), each of which calls for a separate mandatory sentence. Each of the sentences imposed upon appellant was within the standard range of the sentencing guidelines and could have been applied even absent the mandatory sentence provision. Additionally, we note that, as the three aggravated assaults to which appellant pled guilty are first degree felonies, the statutory maximum sentence is 20 years for each conviction. Therefore, he was sentenced to just half of the possible 10 years minimum sentence for each of the three counts.

█ Appellant also claims the court illegally attempted to run the sentences on counts 1, 2 and 3 both consecutively and concurrently, and that the computation of appellant's aggregate sentence contradicts the judgment of sentence. These claims are without merit.

The court stated the sentence "... is to run consecutive on counts 1, 2 and 3 and the remaining counts shall run concurrent with counts 1, 2 and 3. All of the mandatory aspects of each count shall run concurrently so that the total sentence shall not exceed minimum 20 yrs maximum 40 yrs [sic]." (Judgment of Sentence, Brydon, J., 3/6/89.)

We take this statement to mean the remaining three counts were to run concurrently with the sentence imposed on counts 1, 2 and 3. As counts 1, 2 and 3 had minimum terms of ten, five and five years, respectively, and maximum terms of twenty, ten and ten years, respectively, for a total term of twenty to forty years imprisonment, we find

no error in the computation or imposition of appellant's sentence.

Appellant next argues the court imposed an illegal sentence of restitution. The applicable statutory provision for restitution directs the court: "(1) Shall consider the extent of injury suffered by the victim and such other matters as it deems appropriate." 18 Pa.C.S. § 1106(c)(1), **Authority of sentencing court.**

▬ As part of sentence, restitution is within the discretion of the sentencing court but must be supported by the record, and the court must determine the loss or damages resulting from the defendant's conduct, the amount of compensation the defendant can afford to pay and how such amount shall be paid. *Commonwealth v. Balisteri,* 329 Pa.Super. 148, 478 A.2d 5 (1984); *Commonwealth v. Galloway,* 302 Pa.Super. 145, 448 A.2d 568 (1982). An award for restitution should not be speculative or excessive. *Id.* There is no requirement the reasons for ordering restitution be set forth at sentencing.

Having examined the presentence report, we find the restitution awards were appropriate, and although two awards were "to be determined," they were not speculative. The undetermined awards merely await a subsequent determination of specific damages. *See* 18 Pa.C.S. § 1106(c)(3). For this reason, appellant's claim is without merit.

Appellant's final claim is that the court imposed a manifestly excessive sentence. An analysis of sentencing discretion, however, requires us to determine if there appears to be a substantial question as to the appropriateness of the sentence, which would permit us to accept the appeal as to this issue.

▬ "[T]he appearance of a substantial question determines whether this court *may* grant allowance of appeal of the discretionary aspects of sentence, while the sound discretion of the court determines whether the court *will* grant review." *Commonwealth v. Hall,* 382 Pa.Super. 6, 14–15, 554 A.2d 919, 923–24 (1989); 42 Pa.C.S. § 9781(b) Appellate

review of sentence. Although appellant has provided a statement of reasons relied upon for appeal, we must also consider the Supreme Court's observation, in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), that it is necessary to "make a careful distinction between 'questions relating to the discretionary aspects of the sentence' and 'the issue whether the appellate court should exercise its discretion to reach such question.' Pa.R.A.P. 902." *Id.*, 513 Pa. at 513, 522 A.2d 19. The Court in *Tuladziecki* went on to note:

> It is apparent that the legislature has vested broad discretion in the trial court to impose a sentence appropriate to each case which comes before it. It is also apparent that the legislature has provided a thorough, though not exhaustive, outline of considerations to focus the court's deliberations in choosing an appropriate sentence. It is only where a party can articulate reasons why a particular sentence raises doubts that this scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercises its discretion.

*Id.*, 513 Pa. at 515, 522 A.2d at 20.

From our review of the record in this case, we find the court had before it at sentencing all testimony in the case, arguments of counsel, appellant's record and a presentence investigation report. Such information constitutes the relevant and material information required to impose a reasonable sentence. *Devers, supra.*

We find appellant has not shown actions by the sentencing court inconsistent with the sentencing code or contrary to the fundamental norms underlying the sentencing process, and therefore, he has not presented a substantial question for review. Accordingly, this Court will not review further appellant's sentence.

Judgment of sentence affirmed.