J-S77003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KHAYRELL RAYMOND KELLER, | |
| Appellant | No. 992 MDA 2017 |

Appeal from the Judgment of Sentence Entered June 9, 2017
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000323-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED FEBRUARY 02, 2018**

Appellant, Khayrell Raymond Keller, appeals from the judgment of sentence of 1-18 months' incarceration, imposed following his conviction for possession with intent to deliver a controlled substance ("PWID"), possession of drug paraphernalia ("paraphernalia"), and possession of a small amount of marijuana ("possession").  Appellant challenges the discretionary aspects of his sentence, as well as the trial court's decision to deny his motion for a mistrial.  After careful review, we affirm.

During a search conducted pursuant to a traffic stop on June 8, 2015, police found two large Ziplock baggies full of marijuana in the possession of

_____

[*] Former Justice specially assigned to the Superior Court.

the vehicle's occupants.[1]  Based on further investigation into the source of the contraband, police obtained a warrant to search Appellant's home in Bloomsburg.  In Appellant's bedroom, police discovered a total of approximately 75 grams of marijuana in two baggies, a box of empty baggies, a digital scale, cash (in excess of $5000), a cell phone, an Ipad, and a firearm.  Further forensic examination of the seized electronic devices uncovered evidence of conversations between Appellant and an occupant of the aforementioned vehicle in the days immediately prior to June 8, 2015, during which the sale of marijuana was discussed.

Based on this evidence, Appellant was convicted by a jury of PWID, 35 P.S. § 780-113(a)(30); paraphernalia, 35 P.S. § 780-113(a)(32); and possession, 35 P.S. § 780-113(a)(31)(i).  On June 9, 2017, the trial court sentenced Appellant to 1-18 months' incarceration for PWID, consecutive to a term of incarceration he was already serving in Philadelphia County.  The court also sentenced Appellant to pay fines and the cost of prosecution for the remaining offenses.  Appellant filed a timely notice of appeal on June 23, 2017, and a timely, court-ordered Pa.R.A.P. 1925(b) statement on July 26, 2017.  The trial court issued its Rule 1925(a) opinion on August 16, 2017.

Appellant now presents the following questions for our review:

> A. Whether the trial court erred in its sentence by failing to consider mitigating factors and sentencing [Appellant] to a

---

[1] Appellant was not in the vehicle.

consecutive sentence in the high end of the standard range, making the sentence a state sentence[?]

B. Whether the trial court erred in denying … Appellant's motion for [a] mistrial[?]

Appellant's Brief at 7.

Appellant's first claim challenges the trial court's sentencing discretion.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super.2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912-13.

- 3 -

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id.***

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).

Our review of the record indicates that Appellant did not file a post-sentence motion seeking reconsideration or modification of his standard-range sentence. Moreover, our review of the transcript of Appellant's sentencing hearing demonstrates that he did not object to the imposed sentence based on the grounds he now asserts on appeal and, in fact, he did not present any objection or argument at all following the imposition of his sentence. Accordingly, we are compelled to conclude that Appellant has effectively waived this claim, as he failed to satisfy one of the four elements required to invoke this Court's jurisdiction to hear discretionary aspects of sentencing claims. ***Moury***, ***supra***.

Next, Appellant challenges the trial court's decision to deny his motion for a mistrial. Appellant contends that after the trial court precluded the Commonwealth from mentioning the discovered firearm at trial, the Commonwealth violated that ruling when an officer mentioned the firearm during the course of his direct testimony regarding his search of Appellant's bedroom. N.T., 5/15/17, at 73. Appellant did not immediately object; instead, Appellant presented an oral motion for a mistrial without the jury

- 4 -

present, ***after*** the offending officer's direct, cross, and re-direct examination.[2] ***Id.*** at 84.

The trial court denied the motion for mistrial, opting instead to issue the following instruction to the jury:

> Ladies and gentleman, this is what is called a cautionary instruction. This is one of those moments where I ask you to disregard what you heard. The Lawyers have agreed to this. I endorse it. It was not supposed to come out, but it came out in the context of the bigger story that was happening. That was that there was a gun in [Appellant]'s bedroom. You are hereby directed to disregard that fact. The Lawyers have agreed to this instruction. Purge it from consideration. It is not to be considered by you in arriving at your verdict in any of the three counts you are working on.

N.T., 5/15/17, at 131. Appellant did not object to the instruction, nor did he seek further instructions on this matter.

In its Rule 1925(a) opinion, the trial court addressed Appellant's claim as follows:

---

[2] Following Appellant's motion, the trial court stated: "Off the record in my chambers[,] we had counsel [appear] shortly before we convened trial and the District Attorney did confirm that the gun would not be brought up and witnesses would be instructed not to mention the gun. Obviously, that didn't work out that way…." N.T., 5/15/17, at 84. It appears from the court's brief accounting of the off-the-record pretrial meeting, that the Commonwealth may not have been subject to any court order at all, but had simply volunteered to avoid mentioning the gun. However, we will assume otherwise, since the trial court appears to treat this matter as if it had issued a ruling precluding discussion of the gun, and because the Commonwealth does not dispute that account. However, we question the suitability of off-the-record discussions for matters as important as the exclusion of evidence. It is fortunate in this case that the parties and the trial court agree as to the nature of that off-the-record discussion.

In the present case, the Commonwealth agreed to forgo presentation of evidence of the presence of a firearm in [Appelant]'s bedroom, but its disclosure was an honest error. A cautionary instruction was provided to the jury directing them to disregard the information regarding the firearm. In denying the oral Motion for Mistrial, this court determined that, with the cautionary instruction, and given the lack of bad faith exercised by the Commonwealth, [Appellant] was not deprived of a fair and impartial trial.

TCO at 4-5.

We agree. "The jury is presumed to follow the trial court's instructions." ***Commonwealth v. Baez***, 720 A.2d 711, 735 (Pa. 1998). Our Supreme Court has also indicated that a party's failure to object to an instruction, or seek further instructions, "indicate[s] his satisfaction with the instruction." ***Commonwealth v. Jones***, 668 A.2d 491, 504 (Pa. 1995). Here, Appellant did not object to the trial court's cautionary instruction, nor did he seek further instructions regarding the officer's isolated reference to the gun.

"The decision of whether to declare a mistrial of a criminal prosecution is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." ***Commonwealth v. Bruner***, 564 A.2d 1277, 1287 (Pa. Super. 1989). Moreover, a mistrial is not automatically required if improper evidence is exposed to the jury. ***Id.*** All the circumstances must be considered in determining whether an instruction can cure the jury's exposure to such evidence. ***Commonwealth v. Richardson***, 437 A.2d 1162, 165 (1981). This includes examining whether the Commonwealth intentionally elicited the remark and/or exploited the

reference, whether a responsive answer was given, and the nature of the cautionary instructions intended to cure it. *See Commonwealth v. Gaerttner*, 484 A.2d 92, 106 (Pa. Super. 1984). The curative instructions must be clear and specific, and instruct the jury to disregard the improper evidence. *Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008).

Here, the comment at issue was a brief, isolated reference to the seized firearm. Appellant was not on trial for a weapon offense, nor was he accused of violent conduct. He concedes that the officer's remark was not specifically elicited by the Commonwealth's questions. Appellant's Brief at 23 ("The [o]fficer did not answer the Commonwealth's question…."); *id.* at 24 ("Appellant is not stating that the Commonwealth, through the District Attorney's Office, encouraged or elicited the testimony regarding the firearm."). He also concedes that the Commonwealth did not attempt to exploit the officer's breach of the pre-trial ruling. *Id.* at 26 ("[T]he Commonwealth did not exploit the reference[.]"). Finally, the trial court's cautionary instruction clearly and specifically directed the jury to disregard the officer's testimony regarding the firearm. N.T., 5/15/17, at 131.

Accordingly, based on these facts, including Appellant's failure to object to the cautionary instruction given, as well as the strength of the properly admitted evidence, we conclude that Appellant was not prejudiced to the extent that he was deprived of a fair trial by the officer's mentioning of the firearm; in other words, the error was harmless and, therefore, the

trial court did not abuse its discretion by denying Appellant's request for a mistrial. **See Commonwealth v. Story**, 383 A.2d 155, 164 (Pa. 1978) (holding that an error is harmless if there is no reasonable possibility that it contributed to the verdict). Thus, we conclude that Appellant's second claim does not entitle him to relief.

Judgment of sentence **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/18