J-A19009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALARMAX DISTRIBUTORS, INC., A PENNSYLVANIA CORPORATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALTRONIX CORPORATION, A NEW YORK CORPORATION | |
| ALTRONIX CORPORATION, A NEW YORK CORPORATION | |
| v. | |
| ALARMAX DISTRIBUTORS, INC., A PENNSYLVANIA CORPORATION | 643 WDA 2014 |

Appeal of: Altronix Corporation

Appeal from the Order Entered March 20, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):
GD 11-026726
GD 12-009182

BEFORE: BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 16, 2015**

Altronix Corporation, a New York Corporation, appeals from the order entered on March 20, 2014, granting a motion to compel its production of documents and response to interrogatories filed by AlarMax Distributors Inc., a Pennsylvania Corporation. We quash.

Altronix designs and manufactures low-voltage, electronic components. AlarMax is a wholesale distributor of electronic security, surveillance, and alarm equipment. The parties have maintained a commercial relationship since 1990. However, in December 2011, AlarMax

commenced this action by writ of summons. In July 2012, AlarMax filed a complaint. Alarmax asserted, *inter alia*, breach of an oral agreement for Altronix to supply it with electronic components at the best price, terms, and conditions available to any distributor. Altronix denies an oral agreement existed.[1]

The parties proceeded to discovery. In September 2013, AlarMax served its first set of interrogatories and request for the production of documents, which collectively sought information and documents relating to the actual prices charged by Altronix, as well as the terms and conditions offered to each of its distributors. Altronix did not timely respond. Thus, in November 2013, the trial court granted AlarMax's first motion to compel Altronix's response to the discovery requests and directed Altronix to produce all documents requested by AlarMax. **See** Trial Court Order, 11/15/2013; AlarMax's Motion to Compel (First Motion to Compel), 10/31/2013. Thereafter, Altronix responded to AlarMax's discovery requests with assertions that the information requested was proprietary and confidential. **See** AlarMax's Motion to Compel (Second Motion to Compel), Exhibit B ("Altronix Corporation's Objections and Responses …"),

_____

[1] AlarMax commenced the action at GD-11-026726. In May 2012, Altronix commenced a separate action at GD-12-009182, seeking to collect an alleged debt. The matters were consolidated in October 2013.

01/24/2014. However, Altronix did not seek court-ordered protective relief from its discovery obligations, nor did it appeal the November 15th order.

In January 2014, AlarMax filed a second motion to compel, which was granted by the trial court to the extent that it directed Altronix to "produce all distributor invoices for the year 2010," subject to a confidentiality order with terms to be agreed upon by the parties. Trial Court Order, 01/24/2014; *see also* AlarMax's Second Motion to Compel. The motion was granted over the objections of Altronix, who once again asserted, in generalized, boilerplate fashion, that the information sought was proprietary and confidential. *See, e.g.*, Altronix Corporation's Objections to [Second] Motion to Compel, 01/24/2014, at 2 ¶3). In its prayer for relief, Altronix also sought bifurcation of the discovery process, seeking to delay disclosure of any distributor price information until after AlarMax established the existence of an oral agreement. *See id.* at 4 ¶13. The court did not grant this request. *See* Trial Court Order, 01/24/2014. Again, Altronix did not seek court-ordered protective relief from its discovery obligations, nor did it proffer evidence in support of its objections. Altronix did not appeal the January 24th court order.

In February 2014, following indications from Altronix's counsel that it would not comply with the January 24th court order compelling its production of documents, AlarMax sent a letter to the chambers of the Honorable R.

Stanton Wettick, Jr., requesting a status conference.  *See* Trial Court Order, 02/25/2014.[2]

On March 18, 2014, the trial court held a status conference.  There is no transcript of the conference, and no evidence was taken by the trial court.  However, following the conference, the trial court issued an order directing Altronix to produce three hundred invoices, issued to four other distributors of Altronix products (identified as ADI, Tri-Ed, Alarm Warehouse, and King Alarm), for the year 2010.  *See* Trial Court Order, 03/20/2014, at ¶1.  Thus, in this order, the trial court *narrowed* the scope of documents that Altronix was required to produce, compared to its previous, January 24th order.

Altronix timely appealed from the March 20th order.[3]  *See* Altronix's Notice of Appeal, 04/17/2014.  The trial court did not direct Altronix to file a

_____

[2] In response, the court entered an order handwritten on the letter.  In the body of the letter, counsel for AlarMax notes his intention to file a third motion to compel and apparently included a copy of the intended motion in the correspondence.  A third motion to compel does not appear in the certified record.  "The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal."  *Parr v. Ford Motor Co.*, 109 A.3d 682, 695 n.10 (Pa. Super. 2014) (quoting *Commonwealth v. Bracalielly*, 658 A.2d 755, 763 (Pa. 1995)); *see also* Pa.R.A.P. 1921.  Accordingly, we do not consider the intended motion in this appeal.  Similarly, the parties have included additional correspondence, proposed motions, objections and affidavits in their reproduced records.  To the extent these items do not appear in the certified record, they are immaterial to our review.  *See Parr*, 109 A.3d at 695 n.10; *see also* Pa.R.A.P. 2152.

Pa.R.A.P. 1925(b) statement. However, in June 2014, Altronix filed a motion for approval of a Pa.R.A.P. 1923 statement in absence of transcript, detailing counsel's recollection of the March 18th conference. AlarMax filed objections to the statement. In February 2015, the trial court issued a memorandum, responsive to Altronix's notice of appeal, in which the court declined to approve any statement regarding the March 18th conference.[4] **See** Trial Court Memorandum, 02/12/2015, at 8.

In June 2014, AlarMax filed an application for relief in this Court, asserting that this appeal was interlocutory and seeking quashal. We denied AlarMax's prayer for relief without prejudice to its right to raise the issue again before the merits panel. **See** Order of Court, 08/28/2014.

We paraphrase the issues raised by Altronix on appeal as follows:

_(Footnote Continued)_ ─────────────────

[3] On April 11, 2014, Altronix filed a motion to reconsider the trial court's March 20th order. The court did not dispose of this motion, nor is it relevant to this appeal. **See Huntingdon Nat'l Bank v. K-Cor, Inc.**, 107 A.3d 783, 787 (Pa. Super. 2014) ("Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal.") (quoting **Provident Nat'l Bank v. Rooklin**, 378 A.2d 893, 897 (Pa. Super. 1977)).

[4] In light of the nature of the conference held on March 18, 2014, it is not clear whether Pa.R.A.P. 1923 is applicable. **See, e.g.**, **Commonwealth v. McLaughlin**, 574 A.2d 610, 613 (Pa. Super. 1990) (observing that an informal conference does not have "the import of a trial proceeding [or hearing] … [that] would make Pa.R.A.P. 1923 applicable") (superseded by statute, on other grounds, as stated in **Commonwealth v. Baker**, 72 A.3d 652, 660 (Pa. Super 2013)); **see also** Pa.R.A.P. 1923 (permitting an appellant to prepare a statement of "the evidence or proceedings _at a hearing or trial_") (emphasis added).

1.   Whether the trial court failed to consider properly those factors relevant to determine whether its distributor price information is confidential, proprietary, or otherwise constitutes a trade secret;

2.   Whether the court abused its discretion in failing to determine that (a) its distributor price information was confidential or proprietary; (b) disclosure of this information would cause it and its third-party distributors immediate and irreparable harm that outweighed any benefit to AlarMax;

3.   Whether the court abused its discretion in ordering the disclosure of its distributor price information to the principal of AlarMax; and

4.   Whether the court abused its discretion by failing to bifurcate the discovery process.

*See* Altronix's Brief at 5-6.

Before we consider these substantive questions, we address AlarMax's renewed motion to quash.  According to AlarMax, the order from which Altronix appeals is an interlocutory order not subject to appeal.  AlarMax acknowledges that an interlocutory order is appealable, if it meets the requirements of the collateral order doctrine.  *See* Pa.R.A.P. 313. Nevertheless, AlarMax asserts the order in question does not.  We disagree.

"Generally, discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation." *Pilchesky v. Gatelli*, 12 A.3d 430, 435 (Pa. Super. 2011) (quoting *Leber v. Stretton*, 928 A.2d 262, 265 (Pa. Super. 2007)).  However, "[a]n appeal may be taken as of right from a collateral order of … a lower court." Pa.R.A.P. 313(a); *see Pilchesky*, 12 A.3d at 437 (granting collateral review

- 6 -

of the court-ordered disclosure of the identity of six John Doe defendants, purportedly in violation of their First Amendment rights); *Rhodes v. USAA Cas. Ins. Co.*, 21 A.3d 1253, 1258 (Pa. Super. 2011) (granting collateral review of a discovery order involving purportedly privileged material); *Crum v. Bridgestone/Firestone North American Tire, LLC*, 907 A.2d 578, 584 (Pa. Super. 2006) (granting collateral review of a discovery order directing disclosure of purported trade secrets).

> A collateral order is an order [1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).

The Pennsylvania Supreme Court has admonished that the collateral order doctrine is narrow. *Melvin v. Doe*, 836 A.2d 42, 46-47 (Pa. 2003). All three factors must be present before an order may be considered collateral. *Id.* at 47; *Pilchesky*, 12 A.3d at 436; *Crum*, 907 A.2d at 583.

Here, Altronix asserts that the order from which it appeals, as well as the claims it purports to raise, satisfy the collateral order doctrine, citing in support this Court's decision in *Crum*. In that case, we examined each prong of the collateral order doctrine, concluding that an order compelling the production of an appellant's trade secrets implicated questions separable from the underlying cause of action; involved important rights deeply rooted

in public policy; and would result in irreparable loss. **See Crum**, 907 A.2d at 583-85.

Essentially, Altronix claims that its distributor price information is confidential, proprietary, or otherwise constitutes a trade secret. According to Altronix, the trial court's failure to properly analyze the nature of this information and its failure to issue a protective order, thus shielding this information from disclosure, will cause it and its third-party distributors immediate and irreparable harm. In our view, **Crum** is dispositive. Accordingly, we conclude Altronix's claim satisfies the collateral order doctrine.[5]

That does not end our preliminary inquiry, however. According to AlarMax, Altronix failed to preserve its claims regarding the confidential nature of its distributor price information and failed to timely appeal the

_____

[5] "The Supreme Court has adopted an issue-by-issue approach and restricted collateral appeals to those issues which independently satisfy the collateral order test." **Pilchesky**, 12 A.3d at 436 (citing **Rae v. Pa. Funeral Dirs. Ass'n**, 977 A.2d 1121, 1129 (Pa. 2009)); **see also Pridgen v. Parker Hannifin Corp.**, 905 A.2d 422, 432 n.9 (Pa. 2006) (distinguishing legal from factual controversies and declining collateral review of the latter); **Stewart v. Precision Airmotive, LLC**, 7 A.3d 266 (Pa. Super. 2010) (rejecting nine of ten issues for which appellants sought collateral review). The second, third, and fourth issues raised by Altronix (as identified above) are clearly derivative to its primary contention, as they entail consideration of the court's discretion in ordering the disclosure of purportedly confidential information, as well as the manner in which the information should be disclosed. In our view, they are inextricably linked, and, therefore, we deem them reviewable. **See Dougherty v. Heller**, 97 A.3d 1257, 1264 (Pa. Super. 2014) (*en banc*).

court's January 24th order, which not only directed Altronix to produce all distributor invoices from the year 2010, but also seemingly denied Altronix's request to bifurcate the discovery process. Thus, AlarMax concludes, we should dismiss this appeal. We agree.

In November 2013, the trial court directed Altronix to "produce all documents requested" by AlarMax. Trial Court Order, 11/15/2013. In January 2014, the court specifically directed Altronix to "produce all distributor invoices for the year 2010." Trial Court Order, 01/24/2014. In March 2014, the court further narrowed the scope of its previous orders, specifically directing Altronix to produce 300 invoices, issued to four named distributors, from the year 2010. *See* Trial Court Order, 03/20/2014, at ¶1. Each of these orders directed the production of invoices disclosing distributor price information, information that Altronix now claims deserves trade secret protection. Thus, Altronix was aware of the nature of the information sought by AlarMax and its court-ordered obligation to produce it, at least five months prior to filing this appeal. *See* Pa.R.A.P. 903(a) (requiring an appellant to file a notice of appeal "within 30 days after the entry of the order from which the appeal is taken"). Arguably, therefore, particularly in light of its collateral order arguments that court-ordered disclosure of its distributor price information is subject to immediate appeal, Altronix should have appealed from the November 15th order, and, if not, then certainly the January 24th order. It did not. *See McGrogan v. First Commonwealth*

- 9 -

*Bank*, 74 A.3d 1063, 1078 (Pa. Super. 2013) (quashing an untimely appeal from an interlocutory order).

Moreover, notwithstanding its general objections that its distributor price information was confidential or proprietary, Altronix did not seek protective relief from the court, *see* Pa.R.C.P. 4012; nor did it otherwise petition the court for relief from its discovery obligations. *See* Pa.R.C.P. 206.1. It proffered no evidence in support of its claims, nor did it brief the court on the legal merits. There is simply nothing in the record that supports Altronix's rather bald contention that it preserved this issue for appellate review. *See* Altronix's Brief at 14.[6] Accordingly, we deem its claim waived. *See, e.g.*, *Coulter v. Ramsden*, 94 A.3d 1080, 1090 (Pa. Super. 2014) (observing that failure to preserve issues for appellate review, even those that present constitutional questions, results in waiver) (citing *ABG Promotions v. Parkway Publ'g, Inc.*, 834 A.2d 613, 619 (Pa. Super. 2003)); Pa.R.A.P. 302(a).

_____

[6] In its brief, Altronix asserts that it preserved these issues in its objections to AlarMax's second motion to compel. We disagree. To the contrary, Altronix merely asserted its view that distributor price information was confidential. It offered no legal or factual support for this assertion. *See, e.g.*, Altronix Corporation's Objections to [Second] Motion to Compel, 01/24/2014, at 2 ¶3. Altronix further asserts preservation in motions to reconsider, dated March 4th and April 10th. The former does not appear in the certified record, and, nonetheless, neither is relevant to this appeal. *See Huntingdon Nat'l Bank*, 107 A.3d at 787.

This Court has previously determined that an issue generally suitable for collateral review, but which an appellant fails to preserve, precludes an exercise of jurisdiction pursuant to Rule 313. ***See Law Office of Douglas T. Harris, Esq. v. Philadelphia Waterfront Partners, LP***, 957 A.2d 1223 (Pa. Super. 2008) (***Harris***). In ***Harris***, the appellants brought collateral appeal from a discovery order directing the production of "all emails and other documents from the computers" of two appellants. ***Harris***, 957 A.2d at 1226. According to the ***Harris*** appellants, "allowing a third-party to view privileged information on the computers would result in waiver of the attorney-client privilege." ***Id.*** at 1227. We recognized that "a colorable claim of attorney-client privilege made [collateral] review proper." ***Id.*** at 1228 (internal punctuation modified). Nevertheless, upon determining that the appellants waived consideration of their claim, we quashed their appeal. ***Id.*** at 1234 ("[U]nder the circumstances of this case, we do not have jurisdiction to consider the merits of the appeals.").

Here, Altronix failed to preserve its claim that its distributor price information is confidential, proprietary, or otherwise constitutes a trade secret. This results in waiver. Accordingly, we grant AlarMax's motion to dismiss and quash this appeal. ***Id.***

Finally, AlarMax has moved for sanctions against Altronix, citing Pa.R.A.P. 2744 (permitting this Court to award costs or damages if an appeal is frivolous). We decline to do so. Absent waiver, Altronix's primary

contention on appeal would be properly subject to collateral review. *See supra*. Thus, it has a basis in law and is not frivolous. ***See Menna v. St. Agnes Med. Ctr.***, 690 A.2d 299, 304 (Pa. Super. 1997) ("[A]n appeal is not frivolous simply because it lacks merit. Rather, it must be found that the appeal has no basis in law or fact.").

Motion to dismiss granted. Appeal quashed. Motion for sanctions denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/16/2015</u>